IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON


MARILYN M. THOMPSON,

       Petitioner,

v.                                Case No. 2:10-cv-01067

LORI NOHE, Warden,
Lakin Correctional Center,

       Respondent.


**PROPOSED FINDINGS AND RECOMMENDATION**

On September 2, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket # 1). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On September 3, 2010, the undersigned ordered Respondent to file an answer or other pleading. (# 6.) On October 21, 2010, Respondent filed a Motion to Dismiss Petition as Untimely Filed, with accompanying exhibits (# 11), and a Memorandum of Law in support thereof (# 12). Petitioner filed her response in opposition on November 10, 2010 (# 14); thus the motion is ripe for decision.

## PROCEDURAL HISTORY

On September 28, 2001, Petitioner was sentenced in the Circuit Court of Boone County, West Virginia, to life imprisonment without possibility of parole, based on her conviction by a jury of felony murder, robbery, conspiracy, grand larceny, burglary and petit larceny.  State v. Thompson, Case No. 99-F-121 (Order entered December 14, 2001).  (# 11, Ex. 1).

On April 15, 2002, Petitioner filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia ("SCAWV").  Thompson v. State, Case No. 020936.  Id., Ex. 2.  On February 13, 2003, the petition was refused.  Id., Ex. 3.  A petition for a writ of certiorari was not filed with the Supreme Court of the United States.

On January 8, 2004, Petitioner, proceeding pro se, filed a Petition Under W. Va. Code § 53-4A-1 for Writ of Habeas Corpus in the Circuit Court of Boone County.  Thompson v. Humphreys, No. 04-C-3.  (# 11, Exs. 4, 11.)  Counsel was appointed and an evidentiary hearing was conducted.  Id., Ex. 5, at 1-2.  The writ was refused and the case dismissed by Final Order entered January 8, 2009.  Id.

On May 8, 2009, Petitioner filed a Petition for Appeal in the SCAWV.  Id., Ex. 6.  On September 3, 2009, the SCAWV refused the petition.  Thompson v. Humphreys, No. 090759 (Sept. 3, 2009).

On July 7, 2009, Petitioner, proceeding pro se, filed an original jurisdiction petition for habeas corpus relief in the

2

SCAWV.   (# 11, Ex. 8.)   On October 2, 2009, the petition was refused.  Thompson v. Humphreys, No. 091465 (Oct. 2, 2009).

On September 2, 2010, Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (# 1).

## APPLICABLE STATUTE

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA provides, in part, that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) further provides:

The time during which a properly filed application for

> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(2).

## POSITIONS OF THE PARTIES

Respondent has filed a Motion to Dismiss Petitioner's section 2254 petition as being time-barred under the provisions above (# 11).  As noted in Respondent's Memorandum of Law in support of his Motion to Dismiss (# 12, at 4), the first date of significance in this matter is the date that Petitioner's judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

Petitioner's petition for appeal (direct review) was refused on February 13, 2003.  Because Petitioner did not file a Petition for a Writ of Certiorari in the Supreme Court of the United States, her conviction became final on the 90th day after February 13, 2003, or May 14, 2003.  See Harris v. Hutchinson, 209 F.3d 325, 325 (4th Cir. 2000)(the time period for seeking direct review of a state court conviction concludes when either the period for filing a petition for a writ of certiorari in the Supreme Court expires, or when such writ is denied by the Supreme Court).  Thus, the one-year statute of limitations for filing a petition for a writ of habeas corpus in this Court began to run on May 15, 2003.

Absent a tolling event, the last date on which Petitioner could file a timely section 2254 petition was May 14, 2004.  (# 12

4

at 4). Respondent argues that the one-year statute of limitations began to run on May 15, 2003, and ran for 238 days until Petitioner filed her Petition for a Writ of Habeas Corpus in the Circuit Court of Boone County (Case No. 04-C-3) on January 8, 2004. At that time, 127 days remained under the statute of limitations. Id. at 5.

Respondent further asserts that the statute remained tolled until the SCAWV refused Petitioner's original jurisdiction petition for habeas corpus relief on October 2, 2009. Id. Respondent argues that the statute began to run again on October 3, 2009, and ran until it expired 127 days later on February 7, 2010. Id. Thus, Respondent argues that the instant section 2254 petition, which was filed on September 2, 2010, was filed nearly seven months after the expiration of the statute of limitations and should be dismissed as being untimely. Id.

Petitioner addressed timeliness in her Petition as follows:

(1) Being when the Supreme Court of Appeals process was interrupted by Richard Riffe with a letter attacking a Prosecutorial Misconduct claim against him.

(2) Being I filed my Reconsideration in the Circuit Court of Boone County. The time guideline on my Federal Habeas Corpus, my next level of Judicial Power, is now interrupted or at least confused. The Reconsideration was submitted March 2, 2010, with no response. I don't even have a case or docket number. I was unsure what to proceed in this event. So, I would like to inform the Court that I am willing to set aside the Motion of Reconsideration if it effects this petition.

(# 1, at 9.)

On November 10, 2010, Petitioner filed an Answer to Respondent's Motion to Dismiss, in which she claims that her petition is timely because it was filed within one year of the SCAWV's refusal of her petition for habeas corpus relief on October 3, 2009. (# 14, at 2.) Petitioner further argues that she filed a motion for reconsideration of sentence in the Circuit Court of Boone County on March 2, 2010. Id. She asserts that the lack of a ruling on that motion led her to believe that she had to delay filing in federal court. Id.

With respect to Petitioner's first excuse concerning Mr. Riffe's letter, Respondent points out that the letter, dated August 19, 2002 (# 11, Ex. 10, at 2), was written during a period that the one-year limitations period was tolled; thus it had no effect. (# 12, at 6.)

With respect to Petitioner's second excuse concerning her motion for reconsideration, Respondent disputes whether such a motion exists[1] and adds that it would not have tolled the one-year limitations period because the period had already expired. Id. at 6-7.

Petitioner attached various documents to her Answer to Respondent's Motion to Dismiss which are:

1.  Motion for Reconsideration of Sentence, filed March 2, 2010 in Case No. 99-F-121;
2.  Hand-written letter to Judge Hoke dated April 11,

---

[1] The motion was filed in Petitioner's criminal case file, not her habeas corpus file, which explains why it is not shown on Respondent's Ex. 11.

6

2010;

3.   Voluntary Statement of Nicole Michelle Drake dated June 13, 2000;

4.   Ammendment [sic] to Motion Pending, filed August 10, 2010, in Case No. 99-F-121;

5.   Ammendment [sici] to Motion Pending (no date of filing indicated), in Case No. 99-F-121;

6.   Hand-written letter to Judge Hoke dated August 8, 2010; and

7.   Lakin Correctional Center Inmate Request dated April 1, 2010, asking that a call be placed to the Clerk of the Circuit Court of Boone County regarding her motion for reconsideration.   A hand-written notes indicates that "judge has given no direction on reconsideration at this time."

(# 14, at 4-29.)

When Petitioner filed her motion for reconsideration on March 2, 2010, the one-year period of limitation had already expired on February 7, 2010.   The undersigned agrees with Respondent's calculation of the statute of limitations.   For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (# 1) is untimely under 28 U.S.C. § 2244(d)(1).   It is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (# 11) and dismiss this civil action from the docket with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED,** and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil

Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

 January 19, 2011
        Date

                              Mary E. Stanley
                              United States Magistrate Judge