**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MARILYN M. THOMPSON,

                Petitioner,

v.                              CIVIL ACTION NO. 2:10-cv-01067

WARDEN LORI NOHE,

                Respondent.

**MEMORANDUM OPINION & ORDER**

This case arises from a petition for habeas corpus filed under 28 U.S.C. § 2254. The petition was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The respondent filed a Motion to Dismiss Petition as Untimely Filed [Docket 11]. The Magistrate Judge has submitted proposed findings and a recommendation ("PF&R"), suggesting that the court grant the motion and dismiss this case with prejudice [Docket 16].

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), there is a one-year limitations period for a person in custody pursuant to a state-court judgment to file a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period commences on the "the date on which the judgment became final or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In addition, the time period while state "post-conviction or other collateral review" is pending does not count towards the one-year limitations period under the AEDPA. *Id.* § 2244(d)(2).

The PF&R explains that the one-year limitations period in this case first began to run on May 15, 2003, the day after the petitioner's time period for seeking a writ of certiorari from the United States Supreme Court expired.  *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).  The time period then ran for 238 days, until January 8, 2004, when the petitioner filed a petition for a writ of habeas corpus in state court.  When the petitioner's state collateral proceedings began, thus tolling the AEDPA limitations period, there were 127 days remaining in that one-year period.  The petitioner's state collateral proceedings concluded on October 2, 2009, meaning that the AEDPA limitations period resumed running on October 3, 2009.  After the remaining 127 days passed, the one-year AEDPA limitations period expired on February 7, 2010.  The petitioner did not file the instant federal habeas petition, however, until September 2, 2010.  Accordingly, the PF&R suggests that the court dismiss the habeas petition as untimely.

The petitioner has filed timely objections to the PF&R [Docket 17].  The court has reviewed *de novo* those portions of the PF&R to which the petitioner has filed specific objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  When a party files an objection that is too general or conclusory to focus attention on any specific error supposedly committed by the Magistrate Judge, the court need not conduct a *de novo* review.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Moreover, when a party fails to object to a portion of the Magistrate Judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *See Diamond*, 416 F.3d at 315.

Having reviewed *de novo* those portions of the PF&R to which the petitioner filed specific objections, the court **FINDS** that the petitioner's objections lack merit.  The petitioner does not raise

any issue with respect to the PF&R's calculation of the statute of limitations. Instead, she explains that she believed that the one-year limitations period under the AEDPA would run from the conclusion of her state collateral proceedings, without any accounting for the 238 days that lapsed between when her direct review proceedings became final and when she initiated her collateral review proceedings. Because the Fourth Circuit has explicitly rejected the petitioner's view of when the statute commences, *see Harris*, 209 F.3d at 327, her objection in that regard lacks merit.

In addition, the petitioner explains that she did not have the benefit of counsel to correct her misunderstanding of how the limitations period operated. Thus, the issue is whether the petitioner's misapprehension of the statute and her lack of counsel provides a basis for equitably tolling the AEDPA statute of limitations. *See id.* at 329-30. In order to be entitled to equitable tolling, a petitioner must show extraordinary circumstances beyond her control or external to her conduct. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). In *Harris*, however, the Fourth Circuit ruled that an innocent misreading of the AEDPA limitations period is an insufficient basis for equitable tolling. *See* 209 F.3d at 330-31. And, because there is no constitutional right to counsel in post-conviction proceedings, *see Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987), the petitioner's lack of advice from counsel as to how the limitations period worked is an insufficient basis for equitable tolling.

In short, the petitioner failed to timely file her habeas petitioner under the AEDPA and she has not demonstrated any basis for equitably tolling the limitations period. Accordingly, her objections to the PF&R are without merit. The court thus **ADOPTS** and incorporates herein the PF&R [Docket 16], **GRANTS** the respondent's Motion to Dismiss [Docket 11], and **ORDERS** that

the petition for writ of habeas corpus be dismissed with prejudice and stricken from the docket of this court [Docket 1].

The court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell,* 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683-84 (4th Cir. 2001). Because the governing standard is not satisfied in this instance, the court **DENIES** the petitioner a certificate of appealability.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                                  ENTER:      April 8, 2011

                                                  Joseph R. Goodwin, Chief Judge